## UNITED STATES v. SCHENCK et al.

District Court, S. D. New York.
July 16, 1941.

Mathias F. Correa, U. S. Atty., of New York City (Bruno Schachner and R. Lewis Townsend, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Garey & Garey, of New York City, for petitioner.

BRIGHT, District Judge.

By this application, Alfred C. Blumenthal, a witness allegedly material and necessary to the prosecution of the above case, seeks to set aside an order made by the Honorable Grover C. Moscowitz on March 11, 1941, and a subpoena issued on that day pursuant to that order. The order obviously was made under Sections 712 and 713 of 28 United States Code Annotated, 44 Stat. 835. The affidavit upon which the order was based clearly sets forth a "proper showing". Blackmer v. United States, 60 App.D.C. 141, 49 F.2d 523, 525, affirmed 284 U.S. 421, 442, 52 S.Ct. 252, 76 L.Ed. 375.

The order insofar as material, directed the issuance of a subpoena commanding the movant to appear forthwith at the trial of the above action which was then in progress, and that the person serving the same should tender $300 as the amount found necessary for the expenses of the witness in travelling to the place of trial. The subpoena concededly was served, but the movant did not appear as commanded. Instead of obeying the subpoena, he moves to set aside the order and subpoena upon two grounds, (1) that no tender of the $300 was made at the time the subpoena was served, and (2) that at that time he was ill and unable to travel to the place of trial.

The affidavits submitted by the Government convince me that the tender was made as required by the order. Vice Consul Ross, who served it, so avers, and having been supplied with the necessary cash by the Government authorities, I am unable to believe that he did not use it as commanded. While I cannot see that the physical condition of Mr. Blumenthal would be any sufficient ground for setting aside either the order or the subpoena, yet counsel has requested me to pass upon that contention. I am not convinced that Mr. Blumenthal, at the time of the service, was physically unable to obey the process of the court or that such obedience would have seriously endangered his life or health.

The motion is, therefore, denied.